# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 16, 2022

Lyle W. Cayce
Clerk

No. 21-60890
Summary Calendar

—————

Hugo Alberto Alvarado Dominguez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

—————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A208 720 750

—————

Before Smith, Dennis, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Hugo Alberto Alvarado Dominguez, a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals ("BIA") affirming the removal order issued by an immigration judge ("IJ")

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

pretermitting a ruling on the application for cancellation of removal and denying withholding of removal.

This court has the authority to review only the final decision of the BIA unless the decision of the IJ influenced the BIA's decision. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). In Alvarado Dominguez's case, the BIA affirmed and adopted the findings and conclusions of the IJ. Therefore, we review both decisions. *Id.*

The BIA's legal conclusions are reviewed *de novo*. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). This court reviews the BIA's factual findings for substantial evidence, and we will not disturb such findings unless the evidence compels a contrary conclusion. *Id.* at 517-18.

Although Alvarado Dominguez purports to challenge the BIA's decision to affirm the IJ's decision to pretermit his application for cancellation of removal because it was untimely, he does not actually challenge the IJ's waiver finding in his counseled brief. As the Government points out, "he argues the merits of his cancellation application, which are irrelevant."

Because Alvarado Dominguez fails to discuss meaningfully the agency's bases for pretermitting his application for cancellation of removal, he has abandoned the issue for failure to adequately brief it. *See Parada-Orellana v. Garland*, 21 F.4th 887, 892 (5th Cir. 2022); *Hollis v. Lynch*, 827 F.3d 436, 451 (5th Cir. 2016).

Alvarado Dominguez also argues that the BIA erred in affirming the IJ's denial of his request for withholding of removal. He challenges, among other findings, the IJ's finding that he failed to show persecution or a well-founded fear of future persecution based on his membership in a particular social group ("PSG"). Alvarado Dominguez fails to address other findings that are each dispositive of his claim for withholding of removal. For

No. 21-60890

instance, he fails to address the IJ's finding that even assuming his PSG was cognizable, the harm he feared due to general violence in Mexico lacked the requisite nexus to his membership in a PSG.

Because the IJ's unchallenged grounds for denying relief are sufficient to dispose of Alvarado Dominguez's argument that the BIA erred in affirming the IJ's denial of withholding of removal, this court may affirm on those grounds and need not address his other arguments. *See Soadjede v. Ashcroft*, 324 F.3d 830, 832-833 (5th Cir. 2003).

The petition for review is DENIED.